IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



LULA WILLIAMS, et al.,
on behalf of herself and
all individuals similarly
situated,

    Plaintiffs,

v.                              Civil Action No. 3:18-mc-12

BIG PICTURE LOANS, LLC,
et al.,

    Defendants.

## MEMORANDUM OPINION

This matter is before the Court on Simon Xu Liang's AMENDED MOTION TO QUASH SUBPOENA TO SIMON XU LIANG TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION AND MEMORANDUM IN SUPPORT (ECF No. 3).[1] For the following reasons, the AMENDED MOTION TO QUASH SUBPOENA TO SIMON XU LIANG TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION AND MEMORANDUM IN SUPPORT (ECF No. 3) will be granted in part and denied in part.

## BACKGROUND

In Williams v. Big Picture Loans, LLC, 329 F. Supp. 3d 248 (E.D. Va. 2018),[2] the Court set out the basis for this litigation

---

[1] This matter was transferred from the United States District Court for the District of South Carolina.

[2] The published version of the Memorandum Opinion is Williams v. Big Picture Loans, LLC, No. 3:17-cv-461, ECF No. 146, and it is

1

and the efforts of the two corporate defendants, Ascension Technologies, Inc. ("Ascension") and Big Picture Loans, LLC ("Big Picture Loans") (collectively the "Corporate Defendants") to escape the reach of this case by trying to come within the sovereign immunity of the Lac Vieux Desert Band of Lake Superior Chippewa Indians (the "Tribe"). For the reasons set forth in the Memorandum Opinion, the Corporate Defendants' motion to dismiss this case for lack of jurisdiction under a claim of sovereign immunity was rejected. That decision is pending before the United States Court of Appeals for the Fourth Circuit.

The plaintiffs' Complaint against the Corporate Defendants and Martorello alleges two violations of the federal Racketeering Influenced Corrupt Organizations Act, 18 U.S.C. §§ 1962(c) and 1962(d), as well as violation of Virginia's usury laws, a claim for unjust enrichment, and a plea for declaratory judgment.

The facts that give rise to these claims are outlined in the Memorandum Opinion, Williams, 329 F. Supp. 3d at 253-66. As explained in the Memorandum Opinion, the corporate structures here are convoluted and somewhat difficult to follow. In sum, the Memorandum Opinion recites a structure that was manipulated principally for the purpose of affording Martorello and his related entities the protection of tribal immunity while violating usury

---

a redacted version of the sealed and complete Memorandum Opinion found at Williams, No. 3:17-cv-461, ECF No. 130.

2

laws when, in fact, the applicable test shows that neither Ascension nor Big Picture Loans is an arm of the tribe, and that, therefore, neither are entitled to immunity. The fundamental purpose of the corporate arrangements was to permit the defendants to evade the usury laws of the states, including those of Virginia, and to allow the making of consumer loans at rates approximating 699% per annum, with the overwhelming share of the yield of the repayment of those loans going to Martorello or corporations controlled by him and a very small portion going to the Tribe.

After the Corporate Defendants appealed from the decision denying them protections of sovereign immunity, the case was set for trial on the claims against Martorello. The case against Martorello was set for trial to begin on March 18, 2019, but as explained in the Memorandum Order entered on January 23, 2019, Williams, No. 3:17-cv-461, ECF No. 323, the Corporate Defendants thwarted the discovery efforts of the plaintiffs and Martorello to adequately prepare for trial. It therefore became necessary to continue the trial against Martorello generally, because, in part, of the need to take the deposition of Simon Xu Liang and others who are employed by Ascension but were formerly employed by Bellicose Capital, LLC ("Bellicose"). As explained in the Memorandum Opinion, Bellicose was controlled by Martorello, but Bellicose was acquired by the Tribe in 2015. Williams, 329 F. Supp. 3d at 259. Bellicose's assets were assigned to Ascension and its

3

liabilities were assigned to Big Picture Loans, and Bellicose ceased to exist. Id. at 261. This restructuring (which saw Ascension and Big Picture Loans take on lending operations of Bellicoise and another Martorello company) was part of a plan by Martorello, Ascension, and Big Picture to clothe a lending operation—which the United States District Court for the Southern District of New York said could be regulated under New York's non-discriminatory anti-usury laws—in the Tribe's sovereign immunity. Id. at 257-259; see also Otoe-Missouria Tribe of Indians v. N.Y. State Dep't of Fin. Servs., 974 F. Supp. 2d 353, 360-61 (S.D.N.Y. 2013); aff'd, 769 F.3d 105 (2d Cir. 2014).

With that in mind, and precluded from conducting discovery against the Corporate Defendants because of their appeal, the plaintiffs sought to obtain information from former Bellicose employees about Bellicose and its operations as well as the transformation of Bellicose and affiliated entities into Ascension and Big Picture Loans. That evidence was intended to help them prove their merits case against Martorello. Although Martorello did not initiate the depositions against the former Bellicose employees, he has said he needs information from the to aid in his defense.

Liang is the controller of Ascension and he was formerly an employee of Bellicose. He is a part owner of Eventide Credit Acquisitions, LLC ("Eventide") which provided the initial loan of

4

$300M that was to fund the lending operations to be conducted by Ascension and Big Picture Loans after Bellicose became what is now Ascension and Big Picture Loans.

The plaintiffs in <u>Williams</u>, No. 3:17-cv-461, served Liang with two subpoenas ad testificandum, one under Federal Rule of Civil Procedure 30(b)(1) and the other under Federal Rule of Civil Procedure 45. After the Corporate Defendants filed their appeal, Liang's counsel and plaintiffs' counsel discussed the subpoenas, and plaintiffs' counsel made clear that they planned to proceed with a deposition of Liang under the Rule 45 subpoena.

Liang, who is represented by the same law firm as the Corporate Defendants, filed the AMENDED MOTION TO QUASH SUBPOENA TO SIMON XU LIANG TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION AND MEMORANDUM IN SUPPORT (ECF No. 3). The plaintiffs responded to that motion (ECF No. 7), and Liang replied (ECF No. 9). The parties presented oral argument.

After the AMENDED MOTION TO QUASH SUBPOENA TO SIMON XU LIANG TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION AND MEMORANDUM IN SUPPORT (ECF No. 3) was ripe, but before the Court had a hearing on the motion, the Court decided the Corporate Defendants' motion to stay in <u>Williams</u>. <u>See</u> No. 3:17-cv-461, ECF No. 323. Relevant here, the Court confirmed that neither Matt Martorello (the third defendant in the case) nor the plaintiffs could serve discovery directly on the Corporate Defendants, because the Corporate

Defendants' appeal to the Fourth Circuit must be respected. Id. at 7, 9. But, the Court also held that the case against Matt Martorello would not be stayed even though the trial had to be moved because of the delayed discovery caused by expansive assertions of sovereign immunity of which the assertion by Liang is but a part. Id. at 6. Thus, discovery may proceed against Matt Martorello, because the Court is divested only "over [the] aspects of the case involved in the appeal." Id. at 8-9 (quoting Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982)).

## DISCUSSION

A court must quash or modify a subpoena that "subjects a person to undue burden" or that "requires disclosure of privileged or other protected matter." Fed. R. Civ. P. 45(d)(3)(A). Additionally, the "party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(c)(1). The burden to establish that a subpoena ad testificandum imposes an undue burden is on the person opposing its command. See Singletary v. Sterling Transp. Co., 289 F.R.D. 237, 241 (E.D. Va. 2012); Castle v. Jallah, 142 F.R.D. 618, 620 (E.D. Va. 1992); 9A Fed. Prac. & Proc. Civ. § 2463.1 (3d ed.).

First, Liang argues that he should not have to testify while the Corporate Defendants' appeal is pending because he shares the

6

same immunity as the Tribe and thus cannot be deposed by third-party subpoenas.[3] The Court finds this argument unpersuasive insofar as it pertains to Liang's employment at Bellicose and in his role as part owner of Eventide. Liang has failed to provide a single case in which a court has held that an officer of a tribal entity is protected by his employer's sovereign immunity from being questioned about his employment before working for the tribal entity. Nor has the Court found any case that so holds. Further, although the Supreme Court has acknowledged that tribal immunity may cover tribal employees and officials acting within the scope of their employment so that they cannot be sued, see Michigan v. Bay Mills Indian Cmty., 572 U.S. 782, 791 n.4 (2014), the Supreme Court has also held that tribal employees may be sued in their individual capacity for torts committed by the individual employee. See Lewis v. Clarke, 137 S. Ct. 1285, 1288 (2017). If they can be sued in their individual capacity, surely they can be

---

[3] Liang raises two other arguments for why he should not have to testify, but, since the time of the filing of the motion to quash, the Court has held that both are unpersuasive. First, as stated earlier, this Court has already held that it is only "over [the] aspects of the case involved in the appeal." Williams, No. 3:17-cv-461, ECF No. 323 at 8-9 (quoting Griggs, 459 U.S. at 58); see also Alice L. v. Dusek, 492 F.3d 563, 564 (5th Cir. 2007) (per curiam).

Second, Liang argues that the subpoena subjects him to an undue burden because whether the case against Matt Martorello should be stayed was pending at the time the motion was filed. That too was decided in a prior order, and the motion to stay was denied. Williams, No. 3:17-cv-461, ECF No. 323 at 6-7.

7

subpoenaed for depositions as individuals. Thus, the Court holds that Liang can be deposed about all activities in his role as an officer or employee or shareholder of Bellicose and Eventide, the operation of Bellicose, the reasons for Bellicose's sale to the Tribe, and the structure of the Bellicose sale.

But, whether Liang can be questioned about his employment at Ascension must be left for another day. Although the Court doubts that Liang can altogether avoid testifying about his work at Ascension even if the Fourth Circuit decides that the Corporate Defendants are protected by the Tribe's immunity, the Court believes that prudence dictates that Liang should not be asked about his role at Ascension during the pendency of the appeal. If the Fourth Circuit affirms the decision rejecting the claim to sovereign immunity, then discovery can be reopened to allow inquiry.

However, because of problems with discovery and delay caused by dealing with broad claims of immunity from discovery interposed by the Corporate Defendants, this case is now out of kilter. The requested deposition is related to the merits of the claims against Martorello. And, it is correct that preserving testimony now would be helpful to the plaintiffs. However, there is pending a class certification motion against Martorello that ought to be decided first. Therefore, the deposition allowed here will not be scheduled until after class certification is decided.

8

**CONCLUSION**

For the foregoing reasons and as set forth above, the AMENDED MOTION TO QUASH SUBPOENA TO SIMON XU LIANG TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION AND MEMORANDUM IN SUPPORT (ECF No. 3) will be granted in part and denied in part.

It is so ORDERED.

/s/ RSP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: February 8, 2019